AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Reginald Shaun CARTER<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)  4-11-70450 MAG<br>) |

FILED
APR 20 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 29, 2011__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:

See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

APPROVED AS TO FORM:
_____
AUSA JAMES C. MANN

_____
*Complainant's signature*

FBI Special Agent Patrick Joseph Ernst
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Apr 20 2011__

_____
*Judge's signature*

City and state: __Oakland, California__

Laurel Beeler, U.S. Magistrate Judge
*Printed name and title*

Document No.
District Court
Criminal Case Processing

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Joseph Ernst, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

## I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the San Francisco Division and have been so employed since August 15, 2010. As a federal agent, I am authorized to investigate violations of the laws of the United States and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States. My FBI Special Agent training consisted of a twenty-one week new agent training class during which I received instruction on various aspects of federal crime. Prior to becoming an FBI Special Agent, I was a Special Agent for the Internal Revenue Service–Criminal Investigation (IRS–CI) for approximately five years. As a Special Agent for IRS–CI, I trained at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia for twenty-four weeks. Training at FLETC consisted of instruction on legal principles and a variety of federal criminal violations, including money laundering, tax evasion, and other tax-related crimes. I have conducted criminal investigations involving investment fraud, money laundering, tax evasion and other financial crimes, as well as violations of the Bank Secrecy Act. I have also participated in the planning and execution of numerous federal search, seizure, and arrest warrants involving the above violations.

2. During the course of this investigation, I have consulted with Special Agent Gregory M. Eckhart. SA Eckhart has been an FBI Special Agent since August 2003. He is currently assigned to the San Francisco Field Division of the FBI, and investigates cases involving gangs, drug trafficking, and violent fugitives. He has received training at the FBI Academy in Quantico, Virginia, including training on violent street gangs, criminal case management, informant development, Title III investigations and the identification, use, packaging and sales of controlled substances. SA Eckhart also attended numerous training schools and seminars related to gangs, violent crime, and narcotics investigations, including many that provided instruction on drug-trafficking methods, money laundering methods, and

1 techniques for investigating those crimes. SA Eckhart has participated in the execution of
2 numerous state and federal search warrants and arrests involving alleged narcotics trafficking,
3 and he has participated in numerous investigations of narcotics traffickers and violent street
4 gangs. These investigations have involved the use of confidential informants, wire and physical
5 surveillance, telephone toll analysis, investigative interviews and the service of search and arrest
6 warrants.
7     3. SA Eckhart has interviewed numerous drug dealers, drug users, and
8 knowledgeable confidential informants about the lifestyles, appearances, and habits of drug
9 dealers and users. He is familiar with the manner in which narcotics traffickers smuggle,
10 package, transport, store and distribute narcotics, as well as how they collect and launder drug
11 proceeds. He has had discussions with other law enforcement personnel about the packaging and
12 preparation of narcotics, the distribution methods of illegal narcotics traffickers, and the security
13 measures that narcotics traffickers often employ. SA Eckhart has also examined documentation
14 of various methods by which methamphetamine, cocaine, marijuana, and other illicit drugs are
15 smuggled, transported and distributed. He has participated in surveillance of narcotics
16 traffickers. During surveillance, SA Eckhart has observed narcotics transactions, counter-
17 surveillance techniques, and the ways in which narcotics traffickers conduct clandestine
18 meetings. He has also participated in investigations that involved the interception of wire
19 communications, and he has been directly involved in the review and deciphering of intercepted
20 coded-conversations between narcotics traffickers that were later corroborated by surveillance or
21 by defendants' statements.
22     4. SA Eckhart is one of the case agents participating in the investigation of Joseph
23 Solice ABBATE, aka Sherman Joseph Fisher, aka "Butch," aka "Mac Dre," aka "Andre Hicks"
24 (ABBATE); Ramon RUBIO, aka "Primo" (RUBIO); and others, for narcotics trafficking and
25 firearms-related offenses.
26 **II.     PURPOSE OF THIS AFFIDAVIT**
27     5. This affidavit is being submitted in support of a criminal complaint and arrest
28 warrant charging Reginald Shaun CARTER with possession with the intent to distribute

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).

6. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about January 29, 2011, Reginald Shaun CARTER knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

7. In this affidavit I describe wire and electronic communications that have been intercepted pursuant to the interception orders in this investigation. In doing so, I have summarized portions of some, but not all, of the intercepted conversations. My summaries of these conversations are based on my personal review of recordings of the intercepted conversations, my training, experience, and knowledge of this investigation, notes of monitoring personnel and/or reviewers which were taken while the recorded conversations were occurring or at the time the conversations were reviewed, and/or other law enforcement personnel as to the meaning of vague or coded language and certain words and phrases. My summaries of the conversations are overviews and are not intended as verbatim transcripts. Even so, I have included in quotation marks my best attempt to provide a draft transcript of some of the speakers' words during the conversations. In some instances, I have only set forth the pertinent parts of sentences and I have used ellipses in some sentences instead of words or phrases that are unnecessary, profane, or repetitive. Subsequent review of the recorded conversations and the preparation of verbatim transcripts may show changes from the summaries provided herein. In addition, I know, based on my training, experience, and knowledge of this investigation (as well as the training, experience, and knowledge of other Agents with whom I have spoken) that criminal street gang members/associates and narcotics traffickers frequently use slang or coded or intentionally vague language when discussing illegal activity, particularly narcotics trafficking

1  or firearms use and/or possession. When a word or phrase used by a speaker constitutes slang or
2  coded or intentionally vague language (or whose meaning would not be obvious to a layperson) I
3  have provided my interpretation of those words and/or phrases in parentheses. My
4  interpretations are based on my knowledge of and participation in this investigation and my
5  discussions with SA Eckhart and with other experienced law enforcement personnel. My
6  interpretations, however, may change as additional information is learned through the course of
7  the investigation. The actual names of callers have been used where agents believe they have
8  tentatively determined the identities of the callers, or where their voices are recognized by the
9  monitoring personnel or reviewers. Finally, once I have identified the telephone number used by
10 a given person in an intercepted conversation, I will not repeat that telephone number in my
11 descriptions of subsequent intercepted conversations unless that person uses a telephone number
12 different than the number he or she previously used. All times are approximate and all locations
13 are in California unless otherwise noted.

### III. **PROBABLE CAUSE**

8. The wiretap portion of the investigation into the drug-trafficking activities of Joseph Solice ABBATE has been ongoing since September 2010. Over the course of the investigation, Agents have identified ABBATE and Reginald Shaun CARTER by comparing relevant surveillance observations with their respective DMV photographs. ABBATE and CARTER were identified as the users of the below telephones through the interception of telephone calls made by each of them, and the surveillance conducted of the activities discussed during the intercepted telephone calls (i.e., ABBATE and/or CARTER were seen in the locations or participating in the activities referenced in the preceding telephone calls).

9. On January 29, 2011, at 4:15 p.m., a call was intercepted between Reginald Shaun CARTER using (510) 478-4467 (subscribed to Ron Jennings, 3219 Andrade Avenue, Richmond, California 94804) and Joseph Solice ABBATE using (510) 860-8197 (Session 2119). During the conversation, CARTER asked: "You got something, you got anything different?" ABBATE responded: "Yep, yeah, I just some, uh, yesterday." CARTER stated: "Man, cause I need, can I, can I trade in part of this, cause I sold like ten of it, but (unintelligible)." ABBATE asked: "From

the one I just gave you?" CARTER confirmed and later stated: "Half of it don't come back (unintelligible)." ABBATE stated: "That shit was good right there bro. I got people still calling me for that shit. . . . Are you sure it's the same shit?" CARTER confirmed, and ABBATE stated: "You shoulda call me right away though man, it's been like a few days already." CARTER later stated: "I don't have to call you unless I know, you know what I mean, I don't wanna just call (unintelligible)." ABBATE stated: "Ain't nobody else complaining about that though or said anything like that about that." CARTER stated: "I hear you dog, I hear you. I ain't complaining (unintelligible), you know what I mean? It's just a problem (unintelligible) just asking help me do my shit quicker ya know, make me get back at you quicker (unintelligible) it's gonna be smooth, that's all." ABBATE stated: "I got some new good ones though, so I mean . . . yep . . . just give me a call. . . . How much of that do you got? How much of that one you got?" CARTER responded: "Like eighteen (grams) left." ABBATE later stated: "Man, you have no problems with that, man, if it's all the same, I'll come get that shit." CARTER stated: "Man, if you don't mind, I'd appreciate it." ABBATE asked: "Is it big pieces, small pieces, how's it look?" The two continued to talk about the methamphetamine. Near the end of the conversation, ABBATE stated: "I'll call you when I get down that way, so give me like an hour or something."

    10. Based upon the context of this call, my training and experience, and the training and experience of other law enforcement officers and agents working on this investigation, I believe that this intercepted communication evidences the fact that CARTER previously purchased methamphetamine from ABBATE, as I believe that CARTER was complaining about the quality of the same. Furthermore, CARTER asked to exchange the remaining eighteen grams he had left for a new batch of methamphetamine from ABBATE, and ABBATE agreed. I believe that this communication also evidences CARTER's intent to resell the methamphetamine, as he discussed problems selling the specific batch of methamphetamine about which he was complaining.

## IV. CONCLUSION

    11. For the reasons stated above, I believe there is probable cause to believe that, on

or about January 29, 2011, Reginald Shaun CARTER knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Patrick Joseph Ernst
Special Agent, Federal Bureau of Investigation

Sworn to before me this
20 day of April 2011.

_____
HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

—— OFFENSE CHARGED ——

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
APR 20 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

—— DEFENDANT - U.S ——
▶ Reginald Shaun CARTER

DISTRICT COURT NUMBER
4-11-70450 MAG

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   JAMES C. MANN, AUSA

—— DEFENDANT ——

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Possible Maximum Life Imprisonment |
| | | Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment |
| (2) | Fine: | Possible Maximum $8,000,000 |
| (3) | Supervised Release: | Possible Maximum Lifetime |
| | | Possible Mandatory Minimum 4, 5, 8, or 10-Years |
| (4) | Special Assessment: | $100.00 |